## AMANDA F. ARMSTRONG, Adm'x, etc.

*v.*

## THE CITY OF CHICAGO.

1. SPECIAL ASSESSMENTS *in the city of Chicago—publication of notice, by whom to be certified.* The fact whether the publication of notice of an application for judgment upon a special assessment warrant was or was not certified by the printer or publisher of the newspaper in which it is claimed the publication was made, is open to proof.

2. So, where a certificate of that character purported upon its face to have been given by the publisher of the newspaper, but it was shown by proof that the person certifying was not the publisher until after the time of the publication, it was *held*, the certificate was insufficient to give the court jurisdiction.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. W. E. Furness, for the appellant.

Mr. M. F. Tuley, Corporation Counsel, for the appellee.

Mr. Justice McAllister delivered the opinion of the Court:

This is an appeal from the judgment of the Superior Court, rendered at the March term, 1871, upon a special assessment warrant for opening a street to be called Campbell avenue.

The collector's report, upon which judgment was sought, contained the certificate of publication of the notice of application for judgment, bearing date the 4th day of March, 1871, purporting to be signed by Henry C. Cook, publisher of the "Chicago Republican" newspaper, certifying that the notice was published in that paper ten times consecutively; that the date of the first paper containing the same was the 27th day of September, 1870, and the date of the last paper containing it was the 7th day of October, 1870.

The objection having been duly made in the court below, the appellant's counsel introduced evidence which stands uncontradicted, showing that Cook was not the publisher of this newspaper during the time of the publication of the notice in question, and did not become such until two months after the date of the first paper containing the notice.

The certificate of publication, and such notice, are required by the 13th section of chapter 9 of city charter (Gary's Laws 88) to be filed by the collector, with his report, in the court to which application for judgment is to be made. It is as essential to the jurisdiction of the court that the certificate of

the printer or publisher of the newspaper be filed as that the collector's report should be. The fact whether the person certifying was or was not the printer or publisher at the time of publication, must be open to proof. If he was neither, the certificate is no better than if made by a person who never saw the newspaper in which the notice is alleged to have been published.

For this reason, and because the collector was not authorized to make application for judgment since the new constitution, the judgment must be reversed and the cause remanded.

*Judgment reversed.*